**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION**

| | |
|---|---|
| **UNITED STATES OF AMERICA** | **PLAINTIFF** |
| VS.  4:03CR00026-01-WRW 4:04CVO2310-WRW | |
| **MARCUS ROSHAWN COSEY** | **DEFENDANT** |

**ORDER**

Pending is a *pro se* petition for a writ of habeas corpus under 28 U.S.C. § 2255.[1] The government has responded.[2] Petitioner was convicted after pleading guilty to felon in possession of a firearm. Petitioner alleges two grounds for relief: (1) his guilty plea was the result of ineffective assistance of counsel because his attorney failed to move for the suppression of evidence; and (2) the Court lacked jurisdiction to consider his guilty plea. Petitioner states that the seizure of the firearm was constitutionally infirm. Petitioner asserts that his attorney should have moved to suppress the firearm.

**Discussion**

Petitioner pled guilty to the offense and the standard of review is more stringent. A plea of guilty admits all the elements of a formal criminal charge and waives all non-jurisdictional defects in the proceedings leading to conviction.[3] When a criminal defendant has solemnly admitted in open court that he is in fact guilty of the offense with

---

[1] Doc. No. 35.

[2] Doc. No. 36.

[3] *Barrientos v. United States*, 668 F.2d 838, 842 (5th Cir. 1982).

which he is charged, he may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred before entry of the guilty plea."[4]

When a petitioner is convicted after a guilty plea, the focus of a habeas inquiry is the nature of the attorney's advice and the voluntariness of the plea.  The existence of a constitutional violation that took place before the guilty plea is irrelevant.[5]  If a prisoner pleads guilty on the advice of his attorney, he must show that the advice was not competent.[6]

An attorney's failure to evaluate facts giving rise to a constitutional claim may form the basis for habeas relief if it caused the petitioner to plead guilty when he otherwise would have held his peace.  In short, once a guilty plea is made, a petitioner may only attack the voluntary and intelligent character of his plea.

In order to demonstrate ineffective assistance of counsel, Petitioner must show that his attorney's performance was below an objective standard of reasonableness; and it is probable that the result would have been different if his attorney had not made an error.[7]  In this case, Petitioner alleges that his counsel erred when she failed to make a Motion to Suppress.  However, testimony at the time of the guilty plea reveals that there was no attorney error.

Petitioner pled guilty on September 5, 2003.  During the proceedings, the Prosecutor

---

[4] *Tollett v. Henderson*, 411 U.S. 258, 267 (1973).

[5] *Id.* at 266.

[6] *McMann v. Richardson*, 397 U.S. 759, 771 (1970).

[7] *Wilson v. Armontrout*, 962 F.2d 817, 819 (8th Cir. 1992) (citing *Strickland v. Washington*, 466 U.S. 668, 687-88, 694 (1984)).

was asked to describe what occurred when Petitioner "exited the vehicle."[8] The attorney set out the following scenario:

> The defendant got out of the vehicle, reached for the small of his back and threw a pistol under the vehicle, ran, striking a police officer in the face with his elbow as he ran. The police officers chased the defendant, who resisted arrest. The police officers recovered the pistol, which was was the L380, Lorcin mentioned in the indictment.[9]

Petitioner spoke up and disagreed with one statement -- he denied that he reached for the small of his back when he exited the vehicle.[10] Petitioner was pointedly asked if there was anything else in the prosecutor's version of the story to which he disagreed.[11] Petitioner responded "no sir."[12]

"If, during a traffic stop, an officer develops a reasonable, suspicion that a vehicle is carrying contraband, he has justification for a greater intrusion unrelated to the traffic offense."[13] Whether an officer has a reasonable suspicion to expand the scope of a stop is determined by looking at the "totality of the circumstance, in light of the officer's experience."[14]

Petitioner admitted under oath that when he exited the vehicle during the traffic stop, he

---

[8] Hearing Transcript, p. 12, line 1 and 2.

[9] *Id.* at 12 lines 3 through 10.

[10] *Id.* at 12 lines 23 through 25.

[11] *Id.* at 13, lines 3 and 4.

[12] *Id.* at 13, line 5.

[13] *United States v. Cummins*, 920 F.2d 498, 502 (8th Cir. 1990).

[14] *United States v. Carrate*, 122 F.3d 666, 668 (8th Cir. 1997).

threw a pistol under the vehicle and took off running. These facts certainly would raise reasonable suspicion. The totality of such circumstances would lead an experienced officer to expand the scope of the traffic stop. The totality of the circumstances would also lead a reasonable attorney to conclude that filing a Motion to Suppress would be futile. Petitioner's ineffective assistance of counsel claim is without merit.

Petitioner's second ground for relief (that there was no jurisdiction) is equally untenable. Petitioner was charged with violating federal law.[15] Petitioner was therefore properly brought under the jurisdiction of the United States Department of Justice and Federal District Court.[16]

The Motion to correct and set aside the sentence is DENIED.

IT IS SO ORDERED this 15th day of November, 2005.

/s/ Wm. R.Wilson,Jr.
UNITED STATES DISTRICT JUDGE

---

[15] 18 U.S.C. § 922(g)(1).

[16] 18 U.S.C. § 3231; *U.S. v. Pemberton*, 405 F.3d 656 (8th Cir. 2005).